**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIN ASSOCIATES, LP; SB MILLTOWN ASSOCIATES, LP; LAWRENCE S. BERGER; ROUTE 88 OFFICE ASSOCIATES, LTD.; SB BUILDING ASSOCIATES, LP; and ROUTE 18 CENTRAL PLAZA, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>HUDSON SPECIALTY INSURANCE COMPANY,<br>      Defendant. | Case: 2:15-cv-02245-SDW-SCM<br><br>**OPINION**<br><br><br>August 18, 2016 |

**WIGENTON**, District Judge.

Before this Court is Defendant Hudson Specialty Insurance Company's ("Hudson" or "Defendant") Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or to Compel Arbitration. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332.[1] Venue is proper pursuant to 28 U.S.C. § 1391.

For the reasons stated herein, the Motion to Compel Arbitration is **GRANTED**. The Motion to Dismiss is **DENIED** as **MOOT**.

---

[1] On December 15, 2015, this Court granted Defendant's first motion to dismiss the complaint without prejudice, noting that Plaintiffs failed to properly address the issue of subject matter jurisdiction regarding the diversity of the individual members of Plaintiffs' partnerships and limited liability companies. (*See* Dkt. Nos. 16-17.); *see Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008); *Zambellini Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Plaintiffs subsequently amended their Complaint and now properly aver complete diversity of citizenship, which Defendant does not contest. (*See* Am. Compl. ¶¶ 1-7.)

1

**BACKGROUND**

Hudson, a property and casualty insurance company, issued an insurance policy ("Policy") to US Land Resources ("USLR"), a developer with insurable interest in over twenty different properties, including one with an estimated value of $9.2 million. (Eapen Cert., Ex. A at HUD000438, HUD000439.) Although the Policy lists USLR as the only "named insured," Plaintiffs Fin Associates, LP ("Fin Associates"), SB Milltown Associates, LP ("SB Milltown"), Lawrence S. Berger, Esq. ("Berger"), Route 88 Office Associates, Ltd. ("Route 88"), SB Building Associates, LP ("SB Building"), and Plaintiff Route 18 Central Plaza, LLC ("Route 18"), (collectively, "Plaintiffs"), allege they are all covered under the Policy as "additional insureds."[2] (Am. Compl. ¶ 7; Pl.'s Opp. 2.)

The Policy contains the following choice-of-law provision:

Law and Jurisdiction
*This Policy shall be interpreted solely according to the law of the State of New York without regard to the choice of law provisions of New York*
. . . The Law and Jurisdiction clause is written in a form bargained for, reviewed, and accepted by the Parties.

(Eapen Cert., Ex. A at HUD000430.)

The Policy also includes the following "***Arbitration Clause Endorsement***": "*any dispute or disagreement as to the interpretation of the terms and conditions of this policy or the development, adjustment and/or payment of any claim shall be submitted to the decision of a Joint Arbitrator that the Insured and Company shall appoint jointly*. (*Id.* at HUD000430.)

On March 30, 2015, Plaintiffs filed their Complaint, alleging: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, et seq (Count One), (2) breach of contract (Count

---

[2] The Policy identifies Plaintiffs as "mortgagees/ additional interest." (*See* Eapen Cert., Ex. A at HUD000439.) Additionally, Plaintiffs claim that they all "share common ownership" and are "managed by a common entity." (Am. Compl. ¶¶ 12-15.)

2

Two) and (3) breach of the duty of good faith and fair dealing (Count Three). Plaintiffs' claims stem from Hudson's purported failure to pay and/or adjust insurance claims that arose from roof and other property damage caused by Hurricane Sandy, which struck New Jersey on October 29, 2012. (*See* Compl. ¶¶ 16-17, 21-24.) Plaintiffs contend that Hudson failed to adjust their claims "in an improper and unconscionable effort to try and gain leverage over USLR in the claim that ultimately resulted in the [unrelated] RAIT Lawsuit."[3] (*Id.* at ¶¶ 22-24.)

Hudson filed a Motion to Dismiss Plaintiff's Complaint on May 29, 2015. (Dkt. No. 7.) On July 20, 2015, Plaintiffs filed opposition, and Defendant filed its reply on July 27, 2016. (Dkt. Nos. 12-13.) Following the hearing on December 15, 2015, this Court granted Defendant's Motion to Dismiss without prejudice. (Dkt. No. 17.)

On January 13, 2016, Plaintiffs filed their First Amended Complaint. (Dkt. No. 18.) On February 9, 2016, Defendant filed the instant Motion to Dismiss Plaintiffs' Amended Complaint or to Compel Arbitration. (Dkt. No. 22.) Plaintiffs filed opposition on February 22, 2016 and Defendant filed its reply on February 29, 2016. (Dkt. Nos. 23, 24.)

**LEGAL STANDARD**

*Motion to Dismiss*

In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id*. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[3] On July 2, 2013, RAIT Partnership, LP ("RAIT"), a lender to Route 18, filed a lawsuit in the Superior Court of New Jersey, Middlesex County asserting claims against Defendant for failure to include RAIT as a payee. (Am. Compl. ¶ 19.)

(2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013). Where, as here, all the relevant documents are before the Court, the motion to dismiss standard is appropriate because Plaintiffs have not responded to the motion to compel arbitration with additional facts that require discovery or the burden shifting of a summary judgment standard. *See Alder Run Land, LP v. Ne. Nat. Energy LLC*, 622 F. App'x 164, 166 (3d Cir. 2015).

**DISCUSSION**

*Federal Arbitration Act, 9 U.S.C. §§ 1 et seq ("FAA")*

With its enactment of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., Congress "expressed a strong federal policy in favor of resolving disputes through arbitration." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). Even so, "[a]rbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel–Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999). Thus, in deciding whether a party may be compelled to arbitrate under the FAA, the Court considers (1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the dispute falls within the scope of that valid agreement. *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219-20 (3d Cir. 2014). The party

4

resisting arbitration may then invalidate the clause based on generally applicable contract defenses. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999).

*Agreement to Arbitrate*

In an action based on diversity, a federal court typically applies the choice-of-law rules of the jurisdiction in which it sits. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d Cir. 2007). Therefore, New Jersey choice-of-law rules apply. In New Jersey, courts generally enforce the choice-of-law and forum selection clauses set forth in the applicable contract. *See Kalman Floor Co. v. Jos. L. Muscarelle, Inc.,* 196 N.J. Super. 16, 21 (App. Div. 1984). Because the contract at issue expressly states that the Policy will be governed by "the choice of law provisions of New York," involves property outside of New Jersey,[4] and was executed by sophisticated parties, New York law applies. *See Walters v. American Home Assur.*, 2011 WL 4409170 (D.N.J. Sept. 21, 2001.); *see also Param Petroleum Corp. v. Commerce and Industry Ins. Co.,* 296 N.J. Super. 164, 686 A.2d 377 (App. Div. 1997).

New York courts have consistently recognized a strong public policy in favor of arbitration. *See Stark v. Molod Spitz DeSantis & Stark P.C.*, 9 N.Y.3d 59, 66 (N.Y. 2007). A court will not inquire beyond the language of a clear arbitration provision to assess the reasonable expectations of the parties. *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190, 190-91 (N.Y. App. Div. 1st Dep't 2004). Indeed, New York courts will not invalidate an arbitration provision due to inequality in bargaining power or lack of mutuality of remedy. *See Sablosky, supra*, 73 N.Y.2d at 137 (discussing mutuality of remedy). Further, an arbitration clause does not need to advise a plaintiff that they are waiving their right to pursue a case in a judicial forum. *See Williams v. Progressive Northeastern Ins. Co*., 41 A.D.3d 1244, 1245 (N.Y. App. Div. 4th Dep't 2007).

---

[4] The Policy lists properties outside of New Jersey. (*See* Eapen Cert., Ex. A at HUD000439.)

Here, the Policy clearly mandates arbitration: "***Arbitration Clause Endorsement***": "*any dispute or disagreement as to the interpretation of the terms and conditions of this policy or the development, adjustment and/or payment of any claim shall be submitted to the decision of a Joint Arbitrator that the Insured and Company shall appoint jointly*". (Eapen Cert., Ex. A at HUD000430.) Moreover, this matter involves sophisticated entities. Here, the named insured, USLR, is a sophisticated commercial entity with insurable interest in over twenty different properties, including one with an estimated value of $9.2 million. (*Id.*, Ex. A at HUD000429.) Because all of Plaintiffs' claims arise out of Hudson's alleged failure to adjust and/or pay insurance claims, their claims fall within the scope of the arbitration clause. As such, Defendant's Motion to Compel Arbitration is granted.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Compel Arbitration is **GRANTED**. The Motion to Dismiss is **DENIED** as **MOOT**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

| | |
|---|---|
| Orig: | Clerk |
| cc: | Parties |
| | Magistrate Judge Steven C. Mannion, U.S.M.J. |